## MILLERS' INDEMNITY UNDERWRITERS v. NELLIE BOUDREAUX BRAUD AND ED. J. BRAUD.

ERROR TO THE SUPREME COURT OF THE STATE OF TEXAS.

No. 124.  Argued January 13, 1926.—Decided February 1, 1926.

Plaintiff's intestate, while employed as a diver by a ship-building company, submerged himself from a floating barge anchored in a navigable river in Texas thirty-five feet from the bank, for the purpose of sawing off timbers of an abandoned set of ways, once used for launching ships, which had become an obstruction to navigation. While thus submerged he died of suffocation due to failure of the air supply. Damages for the death were recovered from the employer's insurer under the workmen's compensation law of Texas. *Held,*

1. That the facts disclosed a maritime tort to which the general admiralty jurisdiction would extend save for the state compensation law; but the matter was of mere local concern and its regulation by the State would work no material prejudice to any characteristic feature of the general maritime law. P. 64.

2. The state compensation law prescribed the only remedy, and its exclusive features abrogated the right to resort to the admiralty court which otherwise would exist. *Id.*

Affirmed.

ERROR to a judgment of the Supreme Court of Texas affirming a judgment of the Court of Civil Appeals, which affirmed a recovery in a suit under the workmen's compensation law of Texas. See 245 S. W. Rep. 1025; 261 *Id.* 127.

*Mr. J. B. Morris*, with whom *Messrs. G. Bowdoin Craighill, Hannis Taylor, Jr.*, and *J. Austin Barnes* were on the brief, for plaintiff in error.

The Supreme Court of Texas bases its decision upon an erroneous construction of *Grant-Smith Porter Ship Co.* v. *Rohde*, 257 U. S. 469. While conceding that the cause if considered as a tort action, partakes of an admiralty nature, the court concludes from the above opinion that it may assume jurisdiction of an admiralty cause of action and apply to it local statutes as long as such statutes do not work material prejudice to the general characteristics of the maritime law. But see *Washington* v. *Dawson & Co.*, 264 U. S. 219, and *Gonsalves* v. *Morse Dry Dock Co.*, 266 U. S. 171. The Supreme Court of the United States had never held that a state court may assume jurisdiction over causes of an admiralty nature and apply to such causes a state compensation law. What it has held is that a court of admiralty, under certain circumstances, may apply to an admiralty cause of action local regulations.

If this case could be disposed of upon the theory that the cause of action grows out of the contract of employ-

ment, there would be no basis for *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205. The primary cause, which is, after all, the basis of the cause of action, is the death occasioned by a tort committed upon navigable water while the deceased was engaged in work of a maritime nature. The reason the compensation law cannot apply to a cause of an admiralty nature is that the admiralty law is an exclusive branch of federal jurisprudence which covers maritime torts. The compensation law cannot substitute its measure of damages, if you can call it such, for the right of maintenance and cure given by the rules of admiralty. No matter whether you consider the cause of action as predicated upon the contract of employment or upon tort, if the tort occurred upon navigable waters the locality of the tort fixes the jurisdiction.

The courts of Texas have held the Texas compensation law invalid as applied to causes of an admiralty nature. *Home Life & Accident Co.* v. *Wade,* 236 S. W. 778. This cause of action is a maritime tort. *Atlantic Transport* v. *Imbrovek,* 234 U. S. 52; *DeGaetno* v. *Merrett & Chapman Co.,* 196 N. Y. Sup. 195; *Ellis* v. *United States,* 206 U. S. 246; *In re Eastern Dredging Co.,* 138 Fed. 942; *The Sunbeam,* 195 Fed. 468.

*Mr. M. G. Adams,* with whom *Messrs. C. W. Howth* and *D. E. O'Fiel* were on the brief, for defendants in error.

Under the provisions of the Texas Compensation Law, which determined the rights of the parties to this cause, the element of tort or locality is wholly eliminated and constitutes no part of the cause of action, which rests entirely in contract among employer, employee and insurer. The employer and the insurer enter into a contract for the protection of the employer and the employees, having reference to the provisions of the statute which are read into and become a part of the contract of insurance. *Grant-Porter Ship Co.* v. *Rohde,* 257 U. S.

469. This remedy is exclusive of all other remedies, and the tort element, together with full indemnity for negligence, is completely eliminated and expressly excluded. The test to be applied in this case to determine jurisdiction, is the contract and its nature. The fact that Boudreaux was working in navigable water does not determine exclusive jurisdiction in admiralty, for the simple reason that this cause of action does not in any manner sound in tort but is based wholly on the contract.

If the Texas Compensation Law were eliminated and the cause of action regarded as being founded on tort, this would not bring this cause within the exclusive admiralty jurisdiction but would merely have the effect of bringing it within that large class of causes of concurrent jurisdiction of the admiralty and common law courts. Cognizance by the state court can not possibly touch or work material prejudice to the general maritime law; it can not interfere with the proper harmony and uniformity of that law in its international and interstate relations; and, therefore, it cannot impinge upon the admiralty jurisdiction of the federal courts; and the full purpose of the constitutional grant to the federal courts and the limitation upon the state courts as to admiralty and maritime causes would not be in anywise impaired. *Western Fuel Co.* v. *Garcia,* 259 U. S. 233; *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205; *Peters* v. *Veasey,* 251 U. S. 121.

Mr. Justice McReynolds delivered the opinion of the Court.

The court below affirmed a judgment of the Orange County District Court in favor of defendant in error for compensation under the Workmen's Compensation Law of Texas (Gen. Laws 1917, p. 269) on account of the death of her brother, O. O. Boudreaux. April 17, 1920, while employed as a diver by the National Ship Building Company, he submerged himself from a floating barge anchored

in the navigable Sabine River thirty-five feet from the bank, for the purpose of sawing off the timbers of an abandoned set of ways, once used for launching ships, which had become an obstruction to navigation. While thus submerged the air supply failed and he died of suffocation.

The employing company carried a policy of insurance with plaintiff in error conditioned to pay the compensation prescribed by the statute and accordingly was "regarded as a subscriber" to the Texas Employers' Insurance Association therein provided for. Part I, § 3, of the statutes declares—

"The employes of a subscriber shall have no right of action against their employer for damages for personal injuries, and the representatives and beneficiaries of deceased employes shall have no right of action against such subscribing employer for damages for injuries resulting in death, but such employes and their representatives and beneficiaries shall look for compensation solely to the association, as the same is hereinafter provided for . . ."

It also prescribes a schedule of weekly payments for injured employes or their beneficiaries, and provides for a Board to pass upon claims and an ultimate right to proceed in court. Subscribers' employes do not contribute to the necessary costs of such protection. They are presumed to accept the plan and to waive all right to recover damages for injuries at common law or under any statute unless they give definite written notice to the contrary. No such notice was given by the deceased.

Plaintiff in error insists that the claim arose out of a maritime tort; that the rights and obligations of the parties were fixed by the maritime law; and that the State had no power to change these by statute or otherwise.

This subject was much considered in *Grant Smith-Porter Co. v. Rohde*, 257 U. S. 469, 477—here on certificate—which arose out of injuries suffered by a carpenter

while at work upon an uncompleted vessel lying in navigable wat~rs within the State of Oregon.  The words of the local statute applied to the employment and prescribed an exclusive remedy.  We said the cause was controlled by the principle that, as to certain local matters regulation of which would work no material prejudice to the general maritime law, the rules of the latter may be modified or supplemented by state statutes.  And we held that under the circumstances disclosed " regulation of the rights, obligations and consequent liabilities of the parties, as between themselves, by a local rule would not necessarily work material prejudice to any characteristic feature of the general maritime law, or interfere with the proper harmony or uniformity of that law in its international or interstate relations."  Stressing the point that the parties were clearly and consciously within the terms of the statute and did not in fact suppose they were contracting with reference to the general system of maritime law, we alluded to the circumstance, not otherwise of special importance, that each of them had contributed to the industrial accident fund.

And answering the certified questions we affirmed that " the general admiralty jurisdiction extends to a proceeding to recover damages resulting from a tort committed on a vessel in process of construction when lying on navigable waters within a State."  Also, that " in the circumstances stated the exclusive features of the Oregon Workmen's Compensation Act would apply and abrogate the right to recover damages in an admiralty court which otherwise would exist."

In the cause now under consideration the record discloses facts sufficient to show a maritime tort to which the general admiralty jurisdiction would extend save for the provisions of the state Compensation Act; but the matter is of mere local concern and its regulation by the State will work no material prejudice to any characteristic

feature of the general maritime law. The Act prescribes the only remedy; its exclusive features abrogate the right to resort to the admiralty court which otherwise would exist.

We had occasion to consider matters which were not of mere local concern because of their special relation to commerce and navigation, and held them beyond the regulatory power of the State, in *Great Lakes Dredge & Dock Co.* v. *Kierejewski,* 261 U. S. 479; *Washington* v. *Dawson & Co.,* 264 U. S. 219; *Gonsalves* v. *Morse Dry Dock Co.,* 266 U. S. 171; and *Robins Dry Dock Co.* v. *Dahl,* 266 U. S. 449, 457.

The conclusion reached by the court below is correct and its judgment must be

*Affirmed.*