ALASKA PACKERS ASSOCIATION *v.* INDUSTRIAL ACCIDENT COMMISSION ET AL.

CERTIORARI TO THE SUPREME COURT OF CALIFORNIA.

No. 266.   Argued March 2, 1928.—Decided April 9, 1928.

A person employed by a fishing and canning company as a seaman, fisherman and for general work in and about a cannery, was injured, after the fishing season was over, while standing upon the shore and endeavoring to push a stranded fishing boat into navigable water for the purpose of floating it to a nearby dock, where it was to be lifted out and stored for the winter. *Held* that the injury, if within the admiralty jurisdiction, was of such a local character as to be cognizable under a state compensation law. P. 469.

73 Calif. Dec. 330, affirmed.

CERTIORARI, 275 U. S. 512, to a judgment of the Supreme Court of California, affirming an award of the State Industrial Accident Commission.

*Mr. Blair S. Shuman,* with whom *Mr. Allen L. Chickering* was on the brief, for petitioner.

*Mr. G. C. Faulkner* for respondent Accident Commission.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

While standing on the land in Alaska, respondent Peterson endeavored to push into navigable water a stranded boat, 26 feet long, theretofore used by him and another for taking fish, and, while so engaged sustained bodily injuries. The fishing season had ended, the nets had been removed, and the boat, partly in the water, was resting on the sand. The immediate purpose was to float it to the dock nearby in order that it might be lifted thereon and stored for the winter, according to the ordinary practice.

Petitioner is a California corporation engaged in the business of taking fish in Alaska and canning them at its factory located in that Territory. Peterson resided in California. Within that State he entered into a contract with the Association whereby he agreed to go to Alaska as a seaman on its bark " Star of Iceland " and, after arriving at the cannery, to go ashore and act there as directed— " anything I was told to do." Among other things, he made nets, fixed up the small boats always kept there, took them out, and served as a fisherman on one of them.

The Industrial Accident Commission of California, purporting to act under the laws of that State, made an award against the petitioner and in favor of Peterson, and this was affirmed by the Supreme Court. The judgment is

challenged here upon the sole ground that when injured he was doing maritime work under a maritime contract and that the rights and liabilities of the parties must be determined by applying the general rules of maritime law, and not otherwise. *Union Fish Co.* v. *Erickson,* 248 U. S. 308, *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205, and similar cases, are relied upon.

Whether in any possible view the circumstances disclose a cause within the admiralty jurisdiction, we need not stop to determine. Even if an affirmative answer be assumed, the petitioner must fail. Peterson was not employed merely to work on the bark or the fishing boat. He also undertook to perform services as directed on land in connection with the canning operations. When injured certainly he was not engaged in any work so directly connected with navigation and commerce that to permit the rights of the parties to be controlled by the local law would interfere with the essential uniformity of the general maritime law. The work was really local in character. The doctrine announced in *Grant Smith-Porter Ship Co.* v. *Rohde,* 257 U. S. 469, and *Millers' Ind. Underwriters* v. *Braud,* 270 U. S. 59, 64, is incompatible with the petitioner's claim.

The judgment of the court below must be affirmed.

*Affirmed.*