## FUENTES v. GULF COAST DREDGING CO.

### No. 6239.

Circuit Court of Appeals, Fifth Circuit.

Dec. 8, 1931.

W. E. Price, of Galveston, Tex., for appellant.

J. Newton Rayzor, of Houston, Tex., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is an action at law by appellant to recover damages for personal injuries sustained by him while he was employed as oiler and helper on a dredge. It was brought under section 33 of the Merchant Marine Act

of 1920, 46 USCA § 688, which confers on seamen the right to maintain such an action, against the owner of the dredge on the ground of negligence in allowing the floor of the engineroom to be covered with oil and grease, and in permitting the gears of certain machinery to remain exposed. It was alleged that appellant slipped on the oiled floor and caught his hand in the uncovered gears. The district judge directed a verdict and entered judgment for appellee on the theory that there was not sufficient proof of the negligence alleged.

■ The dredge on which appellant was working at the time of his injury was in Galveston Bay close up to Virginia Point in shallow water, not more than two or three feet deep, pumping silt and sand from the bottom through a pipe line for the purpose of filling in and raising the elevation of forty or fifty acres of land on Virginia Point. It had not been able to float to its position near the land but had cut its own channel, and its forward end was resting on the ground. The dredging operations were not being conducted in the aid of commerce or navigation, but the deepening of the water was merely incidental to the improvements that were being made on land. In The Massachusetts (The Lawrence) 27 F.(2d) 324, where the same kind of work was being done, we held that no maritime liens were created on account of supplies or advances made to the dredges for the reason that they were not engaged in any maritime venture. In United Dredging Co. v. Lindberg (C. C. A.) 18 F.(2d) 453, the right of recovery was upheld under the Workmen's Compensation Law of Louisiana on account of the death of an assistant engineer who was drowned while working on a dredge which was engaged in digging a navigable waterway. In this case it is agreed that the employer is a subscriber to the Workmen's Compensation Law of Texas, and that the employee was bound by its provisions, if they are applicable. That law while elective affords an exclusive remedy to an employee who fails to give notice to his employer that he will not be bound by its provisions. Revised Civil Statutes, art. 8306, et seq.

■ ■ We are of opinion that, notwithstanding the Merchant Marine Act, the District Court was without jurisdiction to entertain the action, and that the remedy afforded to appellant under the Workmen's Compensation Law of Texas is exclusive of all other remedies. If it be conceded that the waters of Galveston Bay, where the accident occurred, are navigable, and that in the absence of a state compensation law the admiralty court would have had jurisdiction, yet the maritime law is not so exclusive as to prevent recovery under state compensation acts in all cases of accidents on navigable waters; but where the matter is of mere local concern and the regulation of the relation of employer and employee works no prejudice to the general maritime law, the state may prescribe an exclusive remedy. Grant Smith-Porter Ship Co. v. Rohde, 257 U. S. 469, 42 S. Ct. 157, 66 L. Ed. 321, 25 A. L. R. 1008; Millers' Indemnity Underwriters v. Braud, 270 U. S. 59, 46 S. Ct. 194, 70 L. Ed. 470; Alaska Packers' Ass'n v. Industrial Acc. Comm., 276 U. S. 467, 48 S. Ct. 346, 72 L. Ed. 656.

Upon the authority of the just-cited decisions of the Supreme Court the judgment is reversed, and the cause remanded to the District Court with directions to dismiss appellant's action for want of jurisdiction, but without prejudice to his right to pursue any remedy he may have under the Workmen's Compensation Law of Texas.