## SURGEON v. ALASKA PACKERS ASS'N et al.

### No. 21019.

District Court, N. D. California, S. D.

Jan. 21, 1939.

Gladstein, Grossman & Margolis, of San Francisco, Cal., for plaintiff.

Pillsbury, Madison & Sutro, of San Francisco, Cal., for defendants.

ROCHE, District Judge.

This is an action under the Jones Act, 46 U.S.C.A. § 688. Plaintiff, employed as a cook on board a boat operating in Alaskan waters during the salmon season, alleges that he was injured when he slipped upon an oily stairway while doing work for which he was engaged. He seeks to recover damages for defendant's negligent maintenance of the stairway and he also asks for maintenance and cure. Defendant has moved to dismiss on the ground that this court lacks jurisdiction to grant relief on the cause of action set forth by plaintiff.

Since defendant concedes that plaintiff is a seaman and has alleged a maritime tort, the court need not discuss the admiralty phase of the jurisdictional problem which is presented. It is defendant's contention that, notwithstanding the fact plaintiff was injured while engaged in maritime work, admiralty jurisdiction is wanting because of the provisions of the Labor Code of California. St.Cal.1937, p. 185. Defendant insists that plaintiff entered into a contract to do work which was purely local in nature; that the Workmen's Compensation Laws of California apply to such a contract; and that since the relief afforded by these laws is exclusive, the federal courts are deprived of jurisdiction to make an award under the Jones Act.

After due consideration, the court is inclined to agree with defendant. Alaska Packers Association v. Marshall, 9 Cir. 1938, 95 F.2d 279, declared that two men who were drowned while fishing in Alaskan waters under contracts much like plaintiff's, came within the jurisdiction of the Industrial Accident Commission of California. This decision is controlling as to the local nature of the work in which plaintiff was engaged. The fact that the victims of the sea in the Marshall Case were under contract to work in a cannery

as well as in a fishing skiff, while plaintiff was' employed to work only as a cook on board boat, does not alter the fact that the general task for which all of these men were engaged was local in character, viz., the salmon industry in Alaska.

Once it is established that plaintiff's case comes within the jurisdiction of the Industrial Accident Commission, it is necessary to examine the section of the Labor Code which deals with Jurisdiction. Section 3601, St.Cal.1937, p. 269, reads: "Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is * * * the exclusive remedy against the employer for the injury or death." Grant Smith-Porter Ship Co. v. Rohde, 1922, 257 U.S. 469, 478, 42 S.Ct. 157, 66 L.Ed. 321, 25 A.L.R. 1008; Millers' Indemnity Underwriters v. Braud, 1926, 270 U.S. 59, 64, 46 S.Ct. 194, 70 L. Ed. 470; Fuentes v. Gulf Coast Dredging Co., 5 Cir. 1931, 54 F.2d 69, 70, and Woods v. Merrill-Stevens Dry Dock & Repair Co., D.C. 1936, 14 F.Supp. 208, 210, all hold that the workmen's compensation act of a state may properly bestow exclusive jurisdiction upon a state administrative tribunal, to the exclusion of the jurisdiction which formerly rested in the federal district courts. Since section 3601 of the Labor Code of California provides the only remedy whereby plaintiff may recover,[1] this court does not have jurisdiction.

Defendant's motion to dismiss is granted.

---

[1] The Howell, D.C.1919, 257 F. 578.