## KLUMP v INDUST. COMM.

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5757. Decided April 15, 1940.

Siegfried Geismar, Cincinnati, and B. Wm. Heidkamp, Cincinnati, for appellee.

Thomas J. Herbert, Columbus, E. P. Felker, Akron, and Edward A. Schott, Cincinnati, for appellant.

### OPINION

By ROSS, J.

The plaintiff is the widow of an employee, who died of injuries received in the course of, and by reason of, his employment.

The decedent was employed by the Coney Island Company as a "utility man" at its park on the Ohio river. He was also required by the Company to act as a mechanic upon a pleasure craft owned by the company, operated

upon the river, in which the officials of the company entertained their guests. Frequently, as in the case under consideration, the officials when entertaining personal guests, borrowed the launch from the company and paid the company the expense incident to its operation, which included the wages of the decedent. These wages were paid by the company to the decedent at its office either in the park or at its city office. There was no difference in such payments, whether payment was made for work at the park during the summer or for work as a mechanic on the launch when the craft was used officially, or by the officers personally.

The decedent in attempting to secure the launch at a wharf, while on its return from a trip out of the State of Ohio, on the Ohio River, was severely injured and later died as a result of such injuries.

The extra-territorial application of the Ohio Workmen's Compensation Act has been recognized in this state for some time. Sec. 1465-90 GC; **Industrial Commission of Ohio v Gardinio, 119 Oh St 539, 542; Hall v Industrial Commission of Ohio, 131 Oh St 416, 420.** The fact that the injury occurred upon a navigable river does not of itself preclude the application of the act.

Grant Smith-Porter Ship Co. v Rohde, 257 U. S. 469; Millers' Indemnity Underwriters v Braud, 270 U. S. 59; United Dredging Co. et v Lindberg et, 18 Fed. (2d) 453; Sunny Point Packing Co. v Faigh, 63 Fed. (2d) 921; Alaska Packers Association v Industrial Accident Commission, et, 276 U. S. 467; Southern Pacific Co. v Jensen, 244 U. S. 205; Sultan Ry. & Timber Co. v Department of Labor, etc., 277 U. S. 135.

The effect of the line of authorities noted is to justify the conclusion that where the employment, although maritime in character, pertains to local matters, having only **an incidental relation** to navigation and commerce, the rights, obligations, and liabilities of the parties as between themselves may be regulated by local rules **which do not work material prejudice to the characteristic features of the general maritime law,** or interfere with its uniformity.

It is the conclusion of the Court that the judgment in favor of the plaintiff was justified by the evidence showing an injury suffered by the decedent during and by reason of his employment with the contributing employer, and that his death was directly due to such injuries.

The judgment is affirmed.

HAMILTON, PJ. & MATTHEWS, J., concur.