### OLSEN v. ALASKA PACKERS ASS'N.

### No. 9537.

Circuit Court of Appeals, Ninth Circuit.

Sept. 5, 1940.

Rehearing Denied Sept. 11, 1940.

C. H. Fish, of San Francisco, Cal., for appellant.

John H. Black and James M. Wallace, both of San Francisco, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from the dismissal of a libel for personal injuries alleged to have been received by libelant, a sailor employed on the launch "Sparrow" belonging to the respondent, through the respondent's alleged negligence. The negligence alleged consisted in the failure of respondent's crew on its steamer "Etolin" to control a sling load of frozen beef being lowered from the "Etolin" to the launch while lying in the waters of Kvichak Bay, Alaska. The libel sufficiently alleges respondent's negligence in respect to the injury received by libelant. On its face the libel was an admirality cause.

Respondent moved to dismiss the libel on the ground that its allegations did not disclose maritime jurisdiction. Along with the motion to dismiss because of the claimed absence of allegations in the libel of maritime jurisdiction, respondent filed an affidavit of a witness which is claimed to show that the injury was received in the course of employment in the salmon canning operations of respondent at its cannery in Kvichak on the Alaskan shore some thirty-five miles distant by water. It is contended that the claims in the affidavit constituted an exceptive allegation, but a mere affidavit of a witness is obviously not an allegation of respondent. The motion to dismiss the libel should have been denied and the cause could be reversed on this ground.

However an appeal in admiralty warrants a trial de novo and upon the argument of the appeal the parties stipulated that the case be finally submitted on the question of the existence of the maritime jurisdiction, on the record made by the allegations of the libel and of the affidavit, the latter stipulated to be an exceptive allegation.

The affidavit avers facts attempting to show an employment similar to that in Alaska Packers Association v. Marshall, 9 Cir., 95 F.2d 279. In that case we held that the seasonal employment of a fisherman sailor in catching, transporting, and supplying salmon to the salmon cannery was furnishing the cannery with raw material and, in the peculiar circumstances there found, that the employment was a part of the canning operations. Since the employer was a California Corporation the right to damages for the death of the sailor was exclusively within the jurisdiction of the Industrial Accident Commission of California. We relied upon Alaska Packers Association v. Industrial Accident Commission of California, 276 U.S. 467, 48 S. Ct. 346, 72 L.Ed. 656.

In this case, however, the sailor was injured in loading frozen beef. There is no allegation concerning the ownership of the beef or the purpose to which it was to be put and there is no showing of any kind that it was to be used in the canning operations. It may well have belonged to and been carried for some third party as a supply for a purpose entirely apart from the company's salmon canning.

There is a general allegation in the affidavit "that the work for which libelant was employed by respondent *was to participate* in the canning operations at said Kvichak canneries; that said employment of libelant in said canning operations at said. canneries was local in character and said employment of libelant [i.e., what *he*

*was to participate* in] was part of the canning operations, and said work was nonmaritime and was pursuant to a nonmaritime contract." The fact that the work which the libelant was "to participate in" was to be in canning operations does not negative the fact that at the later time when he was injured, he was employed in other work than in canning. Loading a cargo of frozen beef from another vessel on a launch in the open sea thirty-five miles from land for some unknown purpose is a maritime employment and not shown to be anything else.

We are not disposed to press the exclusion of the maritime jurisdiction beyond the area of Alaska Packers Association v. Marshall, 9 Cir., 95 F.2d 279, and hold that the libel is within the admiralty and maritime jurisdiction of the District Court, and that the District Court should proceed with the case as in admiralty.

Reversed.