ROYAL INDEMNITY CO. v. PUERTO RICO
CEMENT CORPORATION.

No. 3946.

Circuit Court of Appeals, First Circuit.

April 5, 1944.

Asa S. Allen and Ralph H. Willard, and Willard, Allen & Mulkern, all of Boston, Mass., for appellant.

L. E. Dubon, Dubon & Ochoteco, Otero Suro & Otero Suro, and Mariano H. Ramirez Bages, all of San Juan, P. R., for appellee.

David L. Kreeger, Sp. Asst. to Atty. Gen. (Francis M. Shea, Asst. Atty. Gen., Philip F. Herrick, U. S. Atty., of San Juan, P. R., and Mrs. Dick Cutter Smiley

and Ward E. Boote, Chief Counsel, United States Employees' Compensation Commission, both of Washington, D. C., on the brief), for the United States as amicus curiae.

Before MAHONEY and WOODBURY, Circuit Judges, and PETERS, District Judge.

PETERS, District Judge.

This is an appeal from the judgment of the United States District Court in Puerto Rico dismissing the complaint on the ground that it sets forth no right to relief.

The complaint alleges that the plaintiff, appellant, was the insurance carrier for a contractor employer doing construction work for the United States in February, 1942, on land occupied and used by the Government for military purposes in Puerto Rico; that an employee, in the course of his employment, was injured through the negligence of the defendant, appellee, owner of an adjoining stone quarry, for which injuries the employee was awarded compensation under the Longshoremen's and Harbor Workers' Compensation Act, approved March 4, 1927, 44 Stat. 1424, 33 U.S.C.A. §§ 901—950, which compensation was paid by the plaintiff insurance carrier who brought the action to recover for the alleged negligence of the defendant, having been subrogated to the rights of the injured workman under the provisions of the Act.

The court held that the plaintiff had shown no cause of action because of the wording of Section 3(a) of the Longshoremen's Act, which provides that:

"Compensation shall be payable under this Act in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law."

The court considered the effect of the Defense Bases Act of August 16, 1941, 55 Stat. 622, c. 357, 42 U.S.C.A. §§ 1651–1654, which provides, in § 1:

"That except as herein modified, the provisions of the Act entitled 'Longshoremen's and Harbor Workers' Compensation Act,' approved March 4, 1927, * * * as amended, and as the same may be amended hereafter, shall apply in respect to the injury or death of any employee engaged in any employment at any military, air, or naval base acquired after January 1, 1940, by the United States from any foreign government or any lands occupied or used by the United States for military or naval purposes in any Territory or possession outside the continental United States * * * irrespective of the place where the injury or death occurs."

But the court was of the opinion that, in spite of the wording of the Defense Bases Act, the "state law" clause in § 3 of the Longshoremen's Act prevented the operation of the latter act in Puerto Rico where there was a local compensation law.

■ In thus construing the statutes we think the District Court was in error.

■ In the Longshoremen's Act, Congress set up a complete system of workmen's compensation with appropriate machinery for its operation and made it effective in a federal field which the states could not reach, and which the Supreme Court had held that Congress could not permit them to reach. Knickerbocker Ice Co. v. Stewart, 253 U.S. 149, 40 S.Ct. 438, 64 L.Ed. 834, 11 A.L.R. 1145.

In describing the field in which the law should be operative,—which was the purpose of the paragraph—the language of § 3(a), called the "Coverage" section, had to harmonize with three important decisions of the Supreme Court which preceded passage of the Longshoremen's Act; viz, Southern Pac. Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086, L.R.A. 1918C, 451, Ann.Cas.1917E, 900; Knickerbocker Ice Co. v. Stewart, supra; and State of Washington v. W. C. Dawson & Co., 264 U.S. 219, 44 S.Ct. 302, 68 L.Ed. 646.

■ The clause permitting recovery only where compensation "may not validly be provided by state law" is not an independent condition, but a limitation upon the previous clause referring to navigable waters, necessary in view of the above decisions, and because not all injuries upon navigable waters are exclusively within federal jurisdiction. Grant, Smith-Porter Ship Co. v. Rohde, 257 U.S. 469, 42 S.Ct. 157, 66 L.Ed. 321, 25 A.L.R. 1008; Miller's Indemnity Underwriters v. Boudreaux Braud, 270 U.S. 59, 46 S.Ct. 194, 70 L.Ed. 470; Alaska Packers' Ass'n v.

Industrial Accident Commission, 276 U.S. 467, 48 S.Ct. 346, 72 L.Ed. 656.

■ Both clauses must be read together and, taken together, they describe and limit the maritime field in which the Act was first made operative, automatically adjusting what the Supreme Court has referred to as the somewhat "shadowy limits" of that field to any situation.

In speaking of the Longshoremen's Act and the Jensen, Stewart and Dawson cases above referred to, the Supreme Court, in Parker v. Motor Boat Sales Co., 314 U.S. 244, 249, 62 S.Ct. 221, 225, 86 L.Ed. 1184, recently said:

"There can be no doubt that the purpose of the Act was to provide for federal compensation in the area which the specific decisions referred to placed beyond the reach of the states. The proviso permitting recovery only where compensation 'may not validly be provided by State law' cannot be read in a manner that would defeat this purpose. * * *

"The main impetus for the Longshoremen's and Harbor Workers' Compensation Act was the need to correct a gap made plain by the decisions of this Court. We believe that there is only one interpretation of the proviso in Section 3(a) which would accord with the aim of Congress; the field in which a state may not validly provide for compensation must be taken, for the purposes of the Act, as the same field which the Jensen line of decision excluded from state compensation laws."

The reports of the Senate and House Committees show that, by the language of the section, including the clause referring to state law, it was intended to provide federal compensation in the maritime field up to the line where local compensation would not be excluded by the existence of federal admiralty jurisdiction. Sen.Rep. No. 973, 69th Cong. 1st Session; House Rep. No. 1767, 69th Cong. 2nd Session.

It follows that when Congress, in the Defense Bases Act, by appropriate and unequivocal language, enlarged the scope of the Longshoremen's Act by making its provisions applicable to land outside the United States occupied and used by the Government for military purposes, the "Coverage" language in § 3(a) was inapplicable and became inoperative.

■■ Moreover, when the Longshoremen's Act is extended to cover injuries on land within a territory or possession of the United States, no line has to be drawn between federal and local jurisdiction. The federal power is paramount; Congress can authorize or refuse to authorize local authority to compensate for local injuries and the clause or proviso referring to local compensation that may not be validly provided for by state (local) law has no applicable meaning.

■ Any other construction would contravene the purpose of Congress in the passage of the Defense Bases law and defeat its object which was to provide a system of workmen's compensation both uniform and adequate in all the far-flung places occupied and to be occupied by the United States for military purposes. The history of the Defense Bases Act clearly shows the intention of Congress to extend the provisions of the Longshoremen's Act to defense bases without regard to local compensation laws. It was stated in House Report No. 1070, 77th Congress, First Session, that the purpose of the bill was to provide substantially the same relief to outlying territories, including and mentioning Puerto Rico, as the existing law affords employees in the United States, and to assist contractors employing labor at such bases to obtain compensation insurance at reasonable rates.

The District Courts in Hawaii and Alaska have held that the Defense Bases Act made the Longshoremen's Act available, irrespective of the existence of an otherwise applicable local compensation law. Aetna Casualty and Surety Company v. Schmitz, Civil Action No. 478, in the Territory of Hawaii. Handy v. C. F. Lytle Co.,[1] No. 4691, U. S. District Court for Alaska.

The judgment of the District Court in reversed, and the case remanded to that court for further proceedings not inconsistent with this opinion; the appellant recovers costs of appeal.

[1] No opinion for publication.