Virginia J. KING, as Administratrix of the Estate of John Elvins King, Libelant,

v.

PAN AMERICAN WORLD AIRWAYS, a corporation, et al., Respondents.

No. 27645.

United States District Court
N. D. California, S. D.

Sept. 30, 1958.

---

4.  See U.S.Code and Cong.Serv., supra, discussed above.

Smith & Parrish, Oakland, Cal., for libelant.

Steinhart, Goldberg, Feigenbaum & Ladar, San Francisco, Cal., for respondent, Pan American World Airways.

GOODMAN, Chief Judge.

This cause presents the novel question whether the California Workmen's Compensation Act precludes an action for wrongful death under the Federal Death on the High Seas Act by the administratrix of the estate of an airline employee who in the course of his employment was killed in the crash of an airliner on the high seas.

The stipulated facts show that the decedent entered the employ of respondent Pan American World Airways, a New York corporation, at San Francisco, California, on October 12, 1942. He was steadily employed thereafter by Pan American and since December, 1947 was continuously based at San Francisco. On May 1, 1957, the decedent was assigned the position of Flight Service Supervisor. The duties of this position required him to spend the majority of his working time at the San Francisco base and the remaining working time in in-flight supervision and observation of pursers, stewards and stewardesses employed on Pan American aircraft flying in and out of San Francisco. On November 8, 1957, he was in the course of his employment aboard a Pan American airliner which crashed upon the high seas between the United States and Hawaii. Although it does not appear whether he was killed in the air or upon impact with the water, it is stipulated that he did not survive the crash.

On December 2, 1957, Pan American and its compensation insurance carrier filed an application with the California Industrial Accident Commission to determine their liability for death benefit and burial expenses under the California Workmen's Compensation Act. At the hearing of this application on February 20, 1958, the decedent's wife, the libelant herein, appeared specially and contested the jurisdiction of the Industrial Accident Commission. On March 31, 1958, the Commission made an order finding that it had jurisdiction and awarded decedent's wife and minor children a death benefit totaling $15,000. Meanwhile, on February 3, 1958, decedent's wife filed this libel under the Death on the High Seas Act [1] in her capacity as administratrix of decedent's estate.

It is established that a suit may be brought in admiralty under the Death on the High Seas Act for a death resulting from the crash of an aircraft upon the high seas. Wilson v. Transocean Airlines, D.C.N.D.Cal.1954, 121 F.Supp. 85. There is no doubt that, in the absence of the California Workmen's Compensation Act, the libelant could maintain this action under the Death on the High Seas Act. But respondent contends that the California Workmen's Compensation Act has been properly applied to this case and affords the exclusive remedy against it for decedent's death.

The California Workmen's Compensation Act expressly provides compensation for the death, outside the State, of an employee hired or regularly employed in the State. West's Ann.California Labor Code, § 3600.5. The right to recover such compensation is declared by the Act to be the exclusive remedy against the

[1]. 41 Stat. 537, 46 U.S.C.A. §§ 76-1-768.

employer. West's Ann.California Labor Code, § 3601.

The United States Supreme Court has upheld the power of the California legislature to provide compensation to California employees for industrial accidents occurring in other States of the Union and in the Territories. Alaska Packers Association v. Industrial Accident Commission, 1935, 294 U.S. 532, 55 S.Ct. 518, 79 L.Ed. 1044. Does this power also extend to the High Seas?

In Southern Pacific Co. v. Jensen, 1917, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086, the Supreme Court held that the New York Workmen's Compensation Law, § 1 et seq., could not be applied to a stevedore killed aboard a vessel in New York Harbor. Such an application of a state compensation law, the Court stated, would destroy the uniformity in respect to maritime matters which was intended to be preserved by the constitutional provisions granting the Congress paramount power to fix and determine the maritime law. The Jensen rule was qualified by later cases in which the Supreme Court held that State compensation acts might be applied to injuries or deaths within the admiralty jurisdiction provided the application of the State Acts did not work material prejudice to any characteristic features of the general maritime law or interfere with the proper harmony and uniformity of that law in its international and interstate impacts.

In Grant Smith-Porter Ship Co. v. Rohde, 1922, 257 U.S. 469, 42 S.Ct. 157, 66 L.Ed. 321, a carpenter was injured while working on a partially completed vessel lying at a dock in the Willamette River at Portland, Oregon. The Court held that his sole remedy lay under the Oregon Workmen's Compensation Act, ORS 656.002 et seq., which abrogated the otherwise existing right to recover damages in an admiralty court. In Mil-

lers' Indemnity Underwriters v. Braud, 1956, 270 U.S. 59, 46 S.Ct. 194, 70 L.Ed. 470, a diver was suffocated while submerged from a floating barge anchored in the navigable Sabine River in Texas. The Court ruled that the Texas Workmen's Compensation Law, Vernon's Ann. Civ.St. art. 8306 et seq., prescribed the only remedy for his death and that its exclusive features abrogated the right to resort to the admiralty court which otherwise would exist.[2]

In Alaska Packers' Association v. Industrial Accident Commission, 1928, 276 U.S. 467, 48 S.Ct. 346, 72 L.Ed. 656, the Supreme Court sanctioned the application of the California Act to a cannery worker injured while attempting to push a stranded fishing boat off an Alaskan beach. The injured workman was not employed merely to work on the fishing boat, but also to perform services on land in connection with canning operations. The Court found that, assuming the injury to be within the admiralty jurisdiction, he was not engaged in any work so directly connected with navigation and commerce that to permit the rights of the parties to be controlled by State law would interfere with the essential uniformity of the general maritime law. Thereafter the Court of Appeals for this Circuit upheld the application of the California act to two similarly employed cannery workers who met death in the wreck of a fishing schooner at sea. Alaska Packers Association v. Marshall, 9 Cir., 1938, 95 F.2d 279.

█ Through the years the courts have experienced considerable difficulty in determining whether or not a particular application of a State compensation law to a case within the admiralty jurisdiction unduly interferes with the essential uniformity of the general maritime law or works material prejudice to its characteristic features.[3] There has

2. Apparently the Court had in mind a suit in admiralty asserting the right of action given by the State Wrongful Death Act, Vernon's Ann.Civ.St. art. 4671 et seq., the death having occurred within the territorial waters of the State.

3. For an account of these difficulties see Gilmore and Black "The Law of Admiralty" 333–354 (1957); Note, "Has the Jensen Case Been Jettisoned?" 2 Stanford Law Review 536 (1950).

evolved no precise test for determining whether or not a State compensation act may constitutionally be exclusively applied to a death or injury within the admiralty jurisdiction. But, the present case clearly falls within the area where such application of a State compensation act is proper. The decedent was employed in a non-maritime industry and performed no maritime work. Indeed the only aspect of this case which gives it any maritime flavor whatsoever is the locale of the accident. It must be concluded that there is no constitutional barrier to the application of the California Workman's Compensation Act in this case.

There remains the question whether there is a statutory barrier. Libelant urges that the Congress intended the Death on the High Seas Act to afford the exclusive remedy for a death on the high seas. If this were the Congressional intent, the application of the California Workmen's Compensation Act is barred, since Congress possesses paramount power to legislate in respect to matters within the admiralty jurisdiction.

In Wilson v. Transocean Airlines, D.C.1954, 121 F.Supp. 85, this Court held that the Death on the High Seas Act superseded all State Wrongful Death Acts in respect to deaths occurring on the high seas. In a dictum in Higa v. Transocean Airlines, 9 Cir., 1955, 230 F.2d 780, 782–783, the Court of Appeals for this Circuit expressed a contrary view. We adhere to the decision in Wilson that the right to maintain a suit for wrongful death on the high seas accorded by the Death on the High Seas Act supersedes any state-given right of action for such a death.

But, the factors which, in Wilson, we found indicative of the Congressional intent that the Death on the High Seas Act should supersede the State Wrongful Death Statutes are not relevant to the State Compensation Acts. The Death on the High Seas Act and the State Wrongful Death Statutes afford a remedy for death upon a showing of fault; the State Compensation Acts grant relief for the death of a workman killed in the course of his employment on the basis of his status as an employee. The Compensation Acts provide a certainty of relief unobtainable in a suit in admiralty. There is nothing in the legislative history of the Death on the High Seas Act to suggest that the Congress intended that the remedy given by the Act should displace any remedy afforded by a State Compensation Act for a death occurring on the high seas. It would not be reasonable to assume that the Congress had any purpose to deprive the dependents of an employee killed in the course of his employment of the unique protection which a State Compensation Act is competent to give them.

The Death on the High Seas Act was enacted to fill a void in the maritime law and provided an admiralty remedy for wrongful death where none had existed before. There is no indication that the Congress intended that this statutory remedy for death should have any different relation to the State Compensation Laws than the pre-existing non-statutory admiralty remedies for personal injury. Since the Supreme Court has ruled that State Compensation Acts, designed to afford an exclusive remedy to injured employees, abrogate the otherwise existing admiralty remedy for personal injuries in situations where the application of the state act does not interfere with the uniformity of the maritime law, it is reasonable to conclude that the Compensation Acts similarly abrogate the admiralty remedy for wrongful death accorded by the Death on the High Seas Act.

Respondent's motion for summary judgment in its favor is granted.