Clarence K. Bowie et al., Plaintiffs and Appellants, v. Rafael Buscaglia, Treasurer of Puerto Rico, Defendant and Appellee.

No. 8795.   Argued March, 7, 1944.—Decided May 2, 1944.

E. T. Fiddler, H. S. McConnell, José G. González, and Jorge M. Morales for appellants.   M. Rodríguez Ramos, Acting Attorney General, and G. Benítez Gautier, Deputy Attorney General, for appellee.

Mr. Justice Snyder delivered the opinion of the court.

This is a suit for refund of $234.43 paid under protest by the plaintiffs to the Treasurer as taxes, surcharges, penalties, and. interest on oxcart tires and tubes brought into Puerto Rico by the plaintiffs during 1937, 1938, and 1939. The defendant demurred to the complaint. The plaintiffs have appealed from the judgment of the district court entered on the order sustaining the demurrer.

The sole question involved herein, is whether the tax provided for in §16, Act No. 85, Laws of Puerto Rico, 1925 (p. 400), as amended, known as the Internal Revenue Law, applies to tires and tubes for oxcarts.

526

■ The Internal Revenue Law has been amended at almost every session of the Legislature since it was originally approved. On several of these occasions the paragraphs dealing with tires and tubes have been amended. Originally, §16 contained the following paragraph:

"15. *Motor Vehicles.*—On every motor vehicle such as automobiles, trucks, tractors, autocars and trailers, by whatever name known; on chassis, motors, bodies, inner tubes and solid or pneumatic tires for such vehicles; on motorcycles and launches, with or without mounted motors; on motors for the same, and on solid or pneumatic tires for motorcycles, sold, transferred, used or consumed in Porto Rico, a tax of seven (7) per cent *ad valorem.*"

It is clear that under this paragraph only tires and tubes for *motor* vehicles, including motorcycles, were subject to the tax in question. And under paragraph 28 of §16 a 7 per cent *ad valorem* tax was also levied "On all pedal bicycles, parts, accessories and pneumatic tires for the same, sold, transferred or used in Porto Rico". These were the only provisions in that law expressly levying a tax on tires and tubes. Tires and tubes not to be used either on motor vehicles or pedal bicycles were therefore not subject to the 7 per cent tax. But they were covered by the provisions of §62 of the Act for a 2 per cent tax on "any articles the object of commerce, not specified in section 16 of this Act or exempted from taxation as provided in said section".

Paragraph 28 of §16 was amended by Act No. 11, Laws of Puerto Rico, Special Session, 1926 (p. 30), to read as follows: "28. *Bicycles.* On all pedal bicycles, sold, transferred or used in Porto Rico, a tax of seven (7) per cent *ad valorem.*" We thus see that thereafter bicycle tires and tubes were no longer subject to the 7 per cent *ad valorem* tax previously levied on them, and that the said 7 per cent tax applied only to tires and tubes for the different types of motor vehicles described in paragraph 15 of §16.

In 1927 the Legislature re-enacted §16, including motor vehicles under paragraph 8 instead of paragraph 15, but retaining the same wording thereof (Act No. 17, Laws of Puerto Rico, Second Special Session, 1927 p. 458). In Act No. 83, Laws of Puerto Rico, 1931 (p. 504), paragraph 8 of §16 was amended to read, in part, as follows:

"8. *Motor vehicles, launches and boats.*—On every motor vehicle, including automobiles, autocars, trucks, tractors, trailers, motorcycles (by whatever name known), chassis, motors, bodies, batteries, inner tubes, or pneumatic tires for such motor vehicles, launches . . . sold, transferred, manufactured or used in, or introduced into Porto Rico, a tax of ten (10) per cent on the selling price in Porto Rico; *Provided,* That . . . on solid tires of trucks and other motor vehicles sold, used, transferred or manufactured in, or introduced into Porto Rico, the tax shall be fifteen (15) per cent on the selling price; . . . "

This 1931 Act made no other reference to tires and tubes for vehicles other than motor vehicles. On July 24, 1931, the Treasurer issued a Regulation covering the Internal Revenue Law as amended, reading in part as follows:

"Section 8.—(Section 16 of the Law.) From and after August 4, 1931, there shall be collected and paid once only, as an internal revenue tax on all of the following articles herinafter mentioned and on those included within Section 16 of the Internal Revenue Law . . . that were introduced into, sold, . . . in Puerto Rico, the following:
"Ten per cent on the sale price of:
"*       *       *       *       *       *       *
"31. Tires for motor vehicles.
"*       *       *       *       *       *       *
"38. Inner tubes for automobiles."

This Regulation, in §9, paragraph 8, defined inner tubes and pneumatic tires as follows:

"Section 9.—Definitions of paragraphs of Section 16.—For the purpose of collection and payment of the taxes, the following paragraphs and the manner of paying the taxes, are defined as follows:
"*       *       *       *       *       *       *

"*Tubes and Pneumatic Tires.*—All inner tubes and pneumatic tires, whatever their condition may be, used for any motor vehicle, will be considered as included within the provisions of the law."

Act No. 108, Laws of Puerto Rico, 1936 (p. 566), again amended paragraph 8 of §16 of the Internal Revenue Law. The tax on tires and tubes was eliminated from paragraph 8, and was included in a new paragraph numbered 8A. Both paragraphs, in their pertinent parts, read as follows:

"8.—*Self-propelling vehicles and apparatuses and launches and motor boats.*—On all self-propelling vehicles and apparatuses such as automobiles, auto-wagons, trucks, locomotives, tractors, touring-cars, motorcycles (by whatever name known) including chassis, motors, auto-bodies without motors, tanks, batteries, . . . and on all parts or accessories for any of the articles herein mentioned, excluding pneumatic tires, inner tubes and solid tires, which are sold, tranferred, manufactured, used in, or introduced into Puerto Rico, a tax of ten (10) per cent on the selling price in Puerto Rico, . . . "

"8A. *Pneumatic tires, inner tubes therefor and solid tires for motor vehicles.* On every pneumatic tire, inner tube therefor, and solid tire for motor vehicles, sold, transferred, manufactured, used in, or introduced into, Puerto Rico, a tax of twelve and a half (12½) per cent on the selling price."

The plaintiffs assert and the defendant does not deny that throughout this entire period—that is, from 1925 until sometime in 1942—the Treasurer interpreted the paragraph in question as applying only to tires and tubes for motor vehicles. Tires and tubes for other purposes, such as for use on oxcarts, were taxed at the rate of 2 per cent pursuant to §62 of the Internal Revenue Law.

In 1941 there was still another amendment of the law. Act No. 158, Laws of Puerto Rico, 1941 (p. 948), re-enacted §16 of the Internal Revenue Law. Paragraphs 8 and 8A were now numbered paragraphs 7, 8, 9, and 10 and read as follows:

"7. *Self-propelling vehicles and apparatus.*—On all automobiles, motorcycles, locomotives, tractors and other similar self-propelling

vehicles by whatever name known, including chassis, motors, auto-bodies without motors, tanks, batteries, motors for same and on all parts or accessories for any of the articles herein mentioned, excluding pneumatic tires, inner tubes and solid tires, sold, transferred, manufacture or used in, or introduced into Puerto Rico, a tax of: twelve and one-half (12½) per cent on the selling price in Puerto Rico . . .

"8. *Other self-propelling vehicles and apparatus.*—On every auto-wagon, truck, tractor, and other similar self-propelling vehicles (by whatever name known) including chassis, motors . . . and on all parts or accessories for any of the articles herein mentioned, excluding pneumatic tires, inner tubes and solid tires, sold . . . a tax of twelve and one-half (12½) per cent . . .

"9. *Launches, yachts and motor boats.* On every yacht, launch . . .

"10. *Pneumatic tires, inner tubes therefor and solid tires for motor vehicles.* On every pneumatic tire, inner tube therefor, and solid tire for motor vehicles, sold, transferred, manufactured, used in, or introduced into Puerto Rico, a tax of twelve and a half (12½) per cent on the selling price."

Act No. 29, Laws of Puerto Rico, 1941 (p. 468), repealed §62 of the Internal Revenue Law. This Section, as we have seen, provided for a 2 per cent tax on all articles not specifically taxed in Section 16. Up to that time the Treasurer, pursuant to his own Regulation, had apparently been collecting only a 2 per cent tax on tires and tubes for oxcarts on the theory that the higher tax provided in §16 applied only to tires and tubes for *motor* vehicles. When the generic 2 per cent tax Section was repealed, the Treasurer concluded that such tires and tubes were subject to the higher tax—which had risen from 7 to 10 to 12½%—provided in §16. So far as we are aware, the Treasurer took this position without making any formal change in his own above-quoted Regulation which specifically provided that the higher tax did not apply to tires and tubes such as those involved herein.

The district court, in entering judgment for the Treasurer, concluded that the paragraph under consideration as amended in 1936 (paragraph 8A) and in 1941 (paragraph

10)[1] is subject to "only one interpretation, that is, that by said sections a tax is imposed on every pneumatic tire and inner tube therefor sold, transferred, manufactured, used in or introduced into Puerto Rico, either to be used for motor vehicles, concrete, trailers, bicycles, push-carts, or to be used on any other vehicle which uses pneumatic tires, for the reason that these sections do not make any distinction whatsoever, except that made in connection with solid tires for motor vehicles.

"In accordance with the rule known as 'last antecedent' rule, modifying and qualifying words, phrases, and clauses must be applied to the words or phrases immediately preceding and must not be construed as extending to or including other phrases or clauses which are more remote, and this being so, the phrase 'for motor vehicles' used in the aforesaid section, is applicable only to the words 'solid tires' which precede that phrase and not to the words and phrase 'pneumatic tires' and 'inner tubes therefor'. (See *Mayagüez Sugar Co., Inc.* v. *Carreras, Acting Treas.,* 59 P.R.R. 716; 59 C. J. 985)."

■ The district court went astray when it mechanically applied the "last antecedent" doctrine on the sole test in determining the meaning of the statute under consideration. This doctrine is by no means the only test available to the courts in determining the meaning of a statute. Crawford on Statutory Construction says at pp. 331–2: "This rule, however, should not be utilized until other and more important rules of construction have proved futile. If there is something in the statute indicating that the relative word or qualifying provision is intended to apply other than to

---

[1] The tires and tubes involved herein were brought into Puerto Rico during 1936, 1937, and 1938, and the tax thereon could not therefore be affected by the 1941 amendment. However, that point is not material here as the 1941 amendment made no change in the wording of the 1936 Act relative to the question before us.

the next preceding antecedent, the rule obviously ,must be disregarded.

"Only slight indication, however, is necessary in order to extend the scope of the relative term. Such an extension may well be required by the natural and commonsense meaning of the statute, and especially in order to avoid absurd results or to prevent a departure from the evident purpose of the legislature. And where a clause, or phrase, follows several words to which it might be equally applicable, it should, if at all possible, be construed as applying to them all."

In the *Mayagüez Sugar Co., Inc.*, case, as the Circuit Court of Appeals for the First Circuit pointed out in *Buscaglia* v. *Bowie,* 139 F. (2d) 294 (C.C.A. 1st Circuit, 1943), at p. 297, "If the Supreme Court of Puerto Rico had decided otherwise, the statute would practically have been destroyed as a taxing measure because only molasses sold for consumption in Puerto Rico, or 'manufactured for consumption in Puerto Rico' would be taxed; and, molasses production being an export industry, the great bulk of the revenue sought by the legislature would escape the tax."

The *Bowie* case contains language which is applicable herein. The court says at p. 296:

"Support may be found for this [the position of the defendant] in what is called the doctrine of the 'last antecedent', which requires in- statutory construction that qualifying words, where no contrary intention appears, be ordinarily applied solely to the words or phrase immediately preceding. But in the first place this would be contrary to the natural or common sense meaning of the statute. As is said in Lewis, Sutherland Statutory Construction, Vol. 2, §420:

" 'This principles [last antecedent] is of no great force: it is only operative when there is nothing in the statute indicating that the relative words or qualifying provision is intended to have a different effect. And very slight indication of legislative purpose or a parity of reason, or the natural and common sense reading of the statute, may overturn it and give it a more comprehensive application.'

"In *Great Western Ry.* v. *Swinden, etc., Ry.,* L.R. 9 App. Cas. 787, 808, it is said that: 'as a matter of ordinary construction where several words are followed by a general expression which is as much applicable to the first and other words as to the last, that expression is not limited to the last but applied to all.'

"This last rule of statutory construction is followed by the Suprme Court in *Puerto Rico Ry., Light & Power Co.* v. *Mor,* 253 U.S. 345, 348, 40 S. Ct. 516, 518, 64 L. Ed. 944, where it says: 'When several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause by read as applicable to all.'" (Matter in first brackets ours).

The short of it is that all the cases, including the *Mayagüez Sugar Co., Inc.* case, recognize that the "last antecedent" doctrine is far from an absolute rule. This court, in the language found at pp. 719–24 of the *Mayagüez Sugar Co., Inc.,* case, in effect warned against general and universal application of the "last antecedent" doctrine.[2]

The "slight" indication of a contrary purpose necessary to make the "last antecedent" doctrine inapplicable is manifestly present in this case. In the first place, the legislative history of the Act throughout its various amendments indicates a purpose to tax tires and tubes intended solely for motor vehicles. It may be, as the appellee asserts, that this original purpose was due to the fact that in 1925 the use of tires and tubes on vehicles other than motor vehicles was rare. But whatever its reasons, the Legislature made its intent in this respect clear.

It is significant, for example, that after providing in 1925[3] for a tax on bicycle tires—the only instance in which the tax was specifically laid on a non-motor vehicle—the Legislature by emergency legislation at the very earliest

---

[2] To the same effect, *Buras* v. *Fidelity & Deposit Co. of Maryland,* 1 So. (2d) 552 (La., 1941); *Kelly* v. *State Personnel Board of California,* 88 P.(2d) 264 (Calif., 1939).

[3] Act No. 85, Laws of Puerto Rico, 1925.

opportunity—the Special Session of 1926[4]—eliminated the said tax on bicycle tires, restoring the condition whereby only tires and tubes for motor vehicles were so taxed.

The Treasurer, as we have seen, formally adopted a Regulation taking this view; and our attention has not been called to any change in this Regulation since its adoption in 1931.

Finally, the ordinary and natural meaning of the clause in question leads one inevitably to the conclusion that the Act has always provided for the higher tax on tires and tubes for motor vehicles only. For our purposes, the wording of the pertinent paragraph of §16 of the Internal Revenue Law has remained substantially the same from 1925 to 1941. If the Legislature had intended to impose the higher tax on tires and tubes irrespective of their use, language to that effect would have been easy to draft. Instead, the Legislature has consistently provided that—to quote the 1936 Act, which is the statute which governs the transactions before us—"On every pneumatic tire, inner tube therefor, and solid tire for motor vehicles . . . a tax of twelve and a half (12½) per cent . . .". We regard this as a simple and unambiguous sentence providing for a short series of items which are taxable if they are "for motor vehicles". To hold in this case that "for motor vehicles" applies only to "solid tires" would, it seems to us, be highly artificial and unwarranted. It would constitute a flagrant misuse of the "last antecedent" doctrine, and would in effect be a holding that one can *never* place a phrase at the close of a sentence and intend that it shall qualify a series of proceeding items, however short. To adopt such an inexorable rule, would be to ignore familiar rules of grammar and traditional canons of statutory construction In view of (a) the plain language of the statute, (b) its legislative history, and (c) the unbroken

---

[4] Act No. 11, Laws of Puerto Rico, (Special Session), 1926.

administrative interpretation consistent therewith,[5] we find no room in this case for the application of the "last antecedent" doctrine.[6]

The judgment of the district court will be reversed and a new judgment will be entered in favor of the plaintiffs.

---

[5] If the meaning of the statute were doubtful or ambiguous, which it is not, we would be called on to consider if we should under all the circumstances of this case give substantial or perhaps controlling weight to the Regulation of the Treasurer. The time has undoubtedly come to give to Regulations of the Treasurer of Puerto Rico in tax cases the scope and effect described in *Helvering* v. *Griffiths*, 318 U.S. 371 at pp. 395-6, and the cases cited therein (See also, 1 Mertens, Law of Federal Income Taxation, §§3.21, 3.22, pp. 87–93, and 1943 Cumulative Pocket Supplement thereto; *Welch* v. *Bradley*, 130 F.(2d) 109, (C.C.A. 1st, 1942) at pp. 114, 115). However, we need not concern ourselves with that problem in the instant case, in view of our conclusion as to the plain meaning of the statute even without the aid of the Regulation of the Treasurer to the same effect.

[6] *Royal Indemnity Co.* v. *Puerto Rico Cement Corporation*, 142 F.(2d) 237, decided by the Circuit Court of Appeals for the First Circuit on April 5, 1944, without mentioning the "last antecedent" doctrine as such, applies it to the facts of that case because of the legislative history of the statute involved and certain practical considerations. The case in effect merely reiterates the rule that whether the "last antecedent" doctrine shall apply in a particular case must be gathered from all the surrounding circumstances. Here those circumstances all point the other way.