## ALASKA PACKERS ASS'N v. ALASKA IN-DUSTRIAL BOARD et al.

### No. 6084–A.

United States District Court, Alaska.
First Division. Juneau.

Jan. 25, 1950.

Faulkner, Banfield & Boochever, Juneau, Alaska, for plaintiff.

J. Gerald Williams, Atty. Gen. of Alaska, John Dimond, Asst. Atty. Gen. of Alaska, for Alaska Industrial Board.

Henry Roden, Juneau, Alaska, for defendant Peterson.

FOLTA, District Judge.

The questions presented by this proceeding to set aside the award of the Alaska Industrial Board to the defendant Peterson are:

(1) Whether the case falls within the admiralty jurisdiction, and

(2) Whether the findings of the Board that total disability continued from the date of his injury to January 1, 1948, and that the injury resulted in a 50% permanent disability is supported by any substantial evidence.

Plaintiff is engaged in operating a salmon cannery at Naknek, Bristol Bay, Alaska. Peterson was employed by plaintiff on April 28, 1947, at Blaine, Washington, as a deck hand on the vessel Brant, subject to the terms and conditions of the Alaska Fishermens' Union Bristol Bay Supplemental agreement, and upon the arrival of the vessel at Naknek, was transferred to the vessel Rail, a boat of 9 tons net which was used by the plaintiff for the purpose of towing fishing boats to and from the scows which received the catches, as well as towing the scows themselves. On July 10, while depositing a sack of coal on the galley floor, which he had carried from the bow to the stern of the Rail and which was to be used in the galley stove, Peterson sustained a back strain and discontinued working on July 23rd. On March 31, 1949, the Board awarded him $1517.76 for temporary disability to January 1, 1949, and $3450 for 50% permanent disability.

Whether the case falls within the jurisdiction of admiralty over which the judicial power of the United States was extended by Article III, Section 2, of the Constitution, or within the local jurisdiction, is the crucial question.

■■ Under the general maritime law, a seaman is entitled to the remedies of maintenance and cure and to damages for injury or death for failure of the shipowner to furnish a seaworthy vessel or safe and proper appliances. Under the Jones Act, 46 U.S.C.A. § 688, enlarging his rights, the seaman is entitled to damages for injury or death sustained in the course of his employment as a result of negligence. Under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., stevedores, longshoremen and casual workers engaged in maritime employment, compensation for whom cannot validly be provided by local law, are likewise entitled to compensation for injuries or death sustained in the course of their employment. Masters and members of crew are excluded from the latter act. For those not falling within these categories, the state may validly provide compensation.

Great difficulty has been encountered, however, in determining the line of demarcation between federal and local authority. The test originally laid down in Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086, L.R.A.1918 C, 451, Ann.Cas.1917E, 900, where the Court held that the case of the appellee killed while engaged in unloading a ship as a stevedore, fell within the admiralty jurisdiction is page 216, of 244 U.S., page 529 of 37 S.Ct., that: "No such legislation is valid if it contravenes the essential purpose expressed by an act of Congress, or works material prejudice to the characteristic features of the general maritime law, or interferes with the proper harmony and uniformity of that law in its international and interstate relations."

■ Despite criticism of the constitutional basis of the Jensen decision, the doctrine of that case has never been repudiated, although its application has been somewhat limited by the development of the "maritime but local" and twilight zone concepts exemplified in Millers' Indemnity Underwriters v. Braud, 270 U.S. 59, 46 S.Ct. 194, 70 L.Ed. 470 and Davis v. Department of Labor, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246. In the light of later decisions, the rule appears to be that stated in La Casse v. Great Lakes Engineering Works, 242 Mich. 454, 219 N.W. 730, 733 in the following language: "If an injury occurs on navigable waters and in the performance of a maritime contract, it is certainly within the exclusive jurisdiction of admiralty unless (a) the contract is of merely local concern; and (b) its performance has no direct effect upon navigation or commerce; and (c) the application of the state law 'would not necessarily work material prejudice to any characteristic feature of the general maritime law, or interfere with the proper harmony or uniformity of that law in its international or interstate relations.' 4. State Workmen's Compensation Laws * * * are applicable to maritime service on navigable waters when, and only when, the service is within exceptions (a), (b), and (c) above."

Notwithstanding, the difficulty of determining whether a particular case falls with-

in the federal or local domain has not been obviated. See "A Decade of Admiralty in the Supreme Court of the United States," 36 California Law Review 169. And as late as the Davis case, 317 U.S. pages 253, 255–256, 63 S.Ct. page 227, the Court said:

"This Court has been unable to give any guiding, definite rule to determine the extent of state power in advance of litigation, and has held that the margins of state authority must 'be determined in view of surrounding circumstances as cases arise.' * * .* The determination of particular cases, of which there have been a great many, has become extremely difficult. It is fair to say that a number of cases can be cited both in behalf of and in opposition to recovery here.

\* \* \* \* \* \*

"The line separating the scope of the two being undefined and undefinable with exact precision, marginal employment may, by reason of particular facts, fall on either side.

\* \* \* \* \* \*

"There is, in the light of the cases referred to, clearly a twilight zone in which the employees must have their rights determined case by case, and in which particular facts and circumstances are vital elements."

It is not disputed that Peterson was a seaman and that he was engaged as such in navigable waters of the United States when injured. Plaintiff contends that these facts alone bring the case within the exclusive jurisdiction of admiralty, while the defendant contends that the case falls within the "maritime but local" exception to the Jensen doctrine, and that, in any event, it falls within the twilight zone concept of the Davis case, supra.

■ The basis of the "maritime but local" exception appears to be that where the activity is a mere matter of local concern, the application of local law would not work material prejudice to the characteristic features of the general maritime law or interfere with the proper harmony and uniformity of the law in its international and interstate relation. State of Washington v. Dawson & Co., 264 U.S. 219, 227, 44 S.Ct. 302, 68 L.Ed. 646; Great Lakes Dredge & Dock Co. v. Kierejewski, 261 U.S. 479–481, 43 S.Ct. 418, 67 L.Ed. 756; Employers' Liability Assurance Corporation, Limited, of London, England, v. Cook, 281 U.S. 233, 50 S.Ct. 308, 74 L.Ed. 823. And if the place or character of the employment or the use made of the vessel at the time of the employment is of such an equivocal or indeterminate character that the case could as logically be held to fall on one side of the dividing line between federal and local authority as on the other, recovery could, under the twilight zone concept of the Davis case, be had under either federal or local law.

Illustrative of the scope and nature of the "maritime but local" exception, is Alaska Packers Association v. Marshall, 9 Cir., 95 F.2d 279, involving the same locale, but somewhat different facts. There the decedent, with another, operated the usual fishing vessel and delivered his catch to the cannery. He also had shore duty to perform. Here the claimant was a deck hand aboard a tug which was employed in towing fishing vessels to and from the grounds and the scows to and from the cannery. It could be argued, therefore, that in this case, as well as in the Marshall case, the dominant activity was the operation of the cannery and the processing of the fish and that the navigation of the Rail was merely incidental thereto. But in Olsen v. Alaska Packers Association, 9 Cir., 114 F.2d 364, the same Court refused to extend the scope of the Marshall decision and, hence, it could be said that these two decisions, roughly mark the boundaries of the "maritime but local" exception so far as fishing in Bristol Bay is concerned, were it not for Parker v. Motor Boat Sales, 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184, and Davis v. Department of Labor, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246. In the former an award under the Longshoremen and Harbor Workers Act, for the death of a janitor and handy man drowned while assisting a fellow employee in demonstrating an outboard motor, was upheld as against the

view of the Court of Appeals that the activity in which the deceased was engaged at the time of his death was not only casual but also local in character. Although considerable weight was given to the findings and conclusions of the commissioner who made the award, it appears that the controlling consideration was the circumstance that the accident occurred on navigable waters. In Davis v. Department of Labor, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246, the employer was engaged in dismantling a bridge, in connection with which a tug, a derrick barge and a barge were used. As steel was cut from the bridge, it was lowered to the barge for ultimate towage to a place of storage. The decedent had helped to cut steel from the bridge and was examining the pieces of steel on the barge for the purpose of cutting it further if necessary and, while so engaged, was knocked from the barge and drowned. An award made under the local compensation act was held by the state court, 12 Wash.2d 349, 121 P. 2d 365, to be in conflict with the federal law. The Supreme Court, however, reversed. After commenting on the difficulty encountered in determining the scope of the "maritime but local" exception, the Court rested its decision on the presumption of constitutionality of the state law. Obviously before this presumption could be invoked in the instant case, it would have to appear that the case fell within the marginal area on either side of the dividing line between federal and state authority termed the twilight zone.

Since the twilight zone concept is intended to embrace cases which defy ready classification, it would seem immaterial whether the doubt as to classification arises from the nature of the activity or from the fact that it has both maritime and non-maritime features or from any other cause and that henceforth all cases of doubt would be covered by the twilight zone concept. If this be the correct view, then it would seem that "maritime but local" exception has been swallowed by the twilight zone doctrine and that from now on the exception will serve no useful purpose save that of identifying the factor that gives the case its marginal character. It would, therefore, appear to be unnecessary to determine the limits of the "maritime but local" exception in disposing of the instant case.

Since it is undisputed that claimant was a seaman and that the injury occurred while he was engaged as such on navigable waters, it is clear that his case is not of the twilight zone character unless the activity in which he was engaged could be said to be one of mere local concern so as to make it doubtful into which domain the case falls. It should be noted that in the Davis case the employment was of an amphibious character and it was undoubtedly its maritime and non-maritime features which suggested the twilight zone concept as a means of escaping the consequences of conflict in attempting a jurisdictional classification of marginal cases. Where a case is of that character it can hardly be said that the assertion of local jurisdiction would work material prejudice to the characteristic features of the general maritime law or interfere with the proper harmony and uniformity of that law in its international or interstate relations. It would, therefore, appear that where, because of the facts and circumstances, it is difficult to determine either whether maritime employment is local in character or whether the employee is a maritime or shore worker the case would be of the twilight variety.

The question then is whether this is the kind of case that falls within the marginal area resulting from the blending of federal and state jurisdictions. Where, as has been recently observed, the injury is sustained by a seaman on navigable waters, the only possible factor which could bring the case within the twilight zone doctrine is the doubtful character of work in which the vessel was engaged. The Marshall case, supra, is not only distinguishable from the instant case on the facts but it would appear that it must be deemed to be overruled, at least in part by Parker v. Motor Boat Sales, supra, and the Davis case. In Gahagan Construction Corporation v. Armao, 1 Cir., 165 F.2d 301, 304, the Court pointed out that: "In no case in

the Supreme Court in which the injured person was a seaman performing a seaman's duties on navigable water has state law been held applicable. Even those members of the Supreme Court who customarily dissented in the application of the Jensen rule, concurred in holding state acts inapplicable where the injured person was a seaman covered by the Jones Act." and concluded, 165 F.2d page 305, that, where a seaman is injured on navigable waters there is no place for the application of the doctrine of local concern. However, the case that would appear to dispose of the question whether the activity in which the Rail was engaged in the instant case, was a matter of merely local concern, is that of London Guarantee & Accident Company v. Industrial Commission, 279 U.S. 109, 49 S.Ct. 296, 73 L.Ed. 632, where it was held that compensation for the death of a seaman employed in connection with the operation within a radius of 5 miles, in state waters, of a fleet of small fishing boats for hire for deep sea fishing was within the jurisdiction of admiralty. In the course of its opinion, the Court said, 279 U.S. pages 123 and 125, 49 S.Ct. page 300:

"There was no feature of the business and employment that was not purely maritime. To hold that a seaman engaged and injured in an employment purely of admiralty cognizance, could be required to change the nature of conditions of his recovery under a State Compensation Law, would certainly be prejudicial to the characteristic features of the general maritime law."

\* \* \* \* \* \*

"The conclusion sought to be drawn by counsel for the Commission from the Rohde and other cases is that Workmen's compensation acts will apply unless their application would interfere with the uniformity of the general maritime law in interstate and foreign commerce, and that there is neither here. But this omits one of the grounds for making an exception— that it shall not be prejudicial to the characteristic features of the maritime law. That is just what it would be here, for here we have a transaction on the navigable waters of the U. S. which in every respect covers all the characteristic features of maritime law and has no other features but those. To apply to such a case a State Compensation Law would certainly be prejudicial to those features. We must hold therefor that it was a violation of the exclusive maritime jurisdiction conferred by the Constitution to apply in this case the California Compensation Act."

Undoubtedly, one of the essential elements of local jurisdiction is that the employment must be one that has no direct effect on navigation or commerce. It is well established that the loading and repairing of a ship have a direct effect on commerce and navigation. In this connection, it should be noted that such employment is but one step removed from navigation and commerce. Here, however, the employment does not depend on such a relation. It is of the very essence of navigation and commerce, and, moreover, Peterson was a seaman in the traditional sense. Where the employment is of that character, it is not a matter of mere local concern and the jurisdiction of admiralty is exclusive. If further support were needed, for this conclusion, it may be found in the highly significant fact that in no case in which a seaman, who was also a member of the crew, was injured on navigable waters of the United States, has it been held that local law applies.

It is my opinion, therefore, that the Board erred in concluding that the instant case fell within the local jurisdiction and that the award should be set aside.